IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| AMERICAN HOMES 4 RENT PROPERTIES EIGHT, LLC, ISAOA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CV 115-068 |
| TRACY GREEN, and all others, | ) ) ) | |
| Defendant. | ) | |

## **O R D E R**

Before the Court is Plaintiff's request to stay commencement of discovery and the following pretrial obligations pending a ruling on Plaintiff's motion to remand: (1) conduct a Rule 26(f) early planning conference; (2) submit a joint preliminary report and discovery plan; (3) submit a disclosure statement pursuant to Local Rule 7.1.1; and (4) submit a Litigants' Bill of Rights pursuant to Local Rule 16.7. (Doc. no. 8). Defendant did not file a response to the motion, and it is therefore deemed to be unopposed. Loc. R. 7.5. Upon consideration, and for the reasons set forth below, the Court **GRANTS** the request.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988)). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Feldman, 176 F.R.D. at 652 (internal citation and quotation omitted).

Here, Defendant does not contend that he cannot properly oppose the motion to remand in the absence of discovery. The Court has also taken a preliminary peek at the motion and finds there is a clear possibility that it will be granted. Remand would also obviously change the governing discovery rules and procedures, and thus, the Court finds that a stay of discovery is appropriate and in the interests of judicial economy. See Feldman, 176 F.R.D. at 652.

Thus, the Court **GRANTS** Plaintiff's request. (Doc. no. 8.) If the motion to remand is denied, within seven days of the District Court's ruling the parties shall (1) confer and submit a joint scheduling order, including date-certain deadlines through the filing of summary judgment motions; (2) submit disclosure statements pursuant to Local Rule 7.1.1; and (3) submit Litigants' Bills of Rights pursuant to Local Rule 16.7.

SO ORDERED this 29th day of June, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA