IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| AMERICAN HOMES 4 RENT PROPERTIES EIGHT, LLC ISAOA, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 115-068 |
| TRACY GREEN and all others, | * * * * | |
| Defendants. | * | |

O R D E R

Presently before the Court is Plaintiff's motion to remand that includes a request for costs and attorney's fees incurred as a result of removal. (Doc. no. 6.) For the reasons below, the motion is **GRANTED**.

### I. BACKGROUND

Defendant is a former owner of real property located in Columbia County, Georgia. (Doc. no. 4, at 2.) On January 6, 2015, Plaintiff purchased the property at a foreclosure sale. (Doc. no. 7-1.) Plaintiff later initiated dispossessory proceedings in the Magistrate Court of Columbia County against Defendant and all other occupants of the property. (Doc. no. 4, at 3.) On May 13, 2015, Defendant removed the case to this Court. (Doc. no. 1.) Defendant has yet to provide a copy of the complaint from the underlying state court action, but she

has supplemented her petition for removal with various documents, including a complaint filed in the Superior Court of Columbia County on May 14, 2015. (Doc. no. 4.)

On June 3, 2015, Plaintiff filed a motion to remand arguing that this Court lacks subject matter jurisdiction. (Doc. no. 6.) On July 7, 2015, Defendant filed an "Emergency Motion to Answer Order to Remand Case Back to State Court, Motion to Vacate Remand Order with Supplemental Of Jurisdiction and Stay of All Related State Court Claims Pursuant to 28 U.S.C. 1332." (Doc. no. 11.) The Court construes this filing as a response to Plaintiff's motion to remand.

## II. DISCUSSION

On a motion to remand, the burden of establishing federal jurisdiction is placed upon the party seeking removal. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). It is well established that removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. Mann v. Unum Life Ins. Co. of Am., 505 F. App'x 854, 856 (11th Cir. 2013) ("[W]e strictly construe removal statutes, resolving all doubts in favor of remand."); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941)); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994) ("[R]emoval statutes are construed

2

narrowly."). A district court considering whether removal is proper "has before it only the limited universe of evidence available when the motion to remand is filed — i.e., the notice of removal and accompanying documents." Lowery v. Ala. Power Co., 483 F.3d 1184, 1214 (11th Cir. 2007). If that evidence is insufficient to establish removal, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Id. at 1214-15.

To have removal jurisdiction, a federal court must have original jurisdiction over the subject matter. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over two types of civil actions: (1) those arising under federal law ("federal question jurisdiction") and (2) those involving diversity of citizenship ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332.

### A. Federal Question Jurisdiction

Removal jurisdiction based on a federal question is governed by the well-pleaded complaint rule. Taylor v. Anderson, 234 U.S. 74, 75-76 (1914); Cmty. State Bank v. Strong, 651 F.3d 1241, 1251 (11th Cir. 2011); Ervast v. Flexible Products Co., 346 F.3d 1007, 1012 (11th Cir. 2003); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 11 (1983)). In plain terms, unless the face of a plaintiff's complaint states a federal question, a

3

defendant may not remove a case to federal court on this basis. Kemp, 109 F.3d at 712. As a result, neither a party's defenses nor its counterclaims can give rise to federal question jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009).

In this case, the dispossessory action filed by Plaintiff (doc. no. 4, at 3) does not involve a federal question. See Nguyen v. Hinton, No. 1:15-CV-1292, 2015 WL 3407856, at *2 (N.D. Ga. May 26, 2015) (stating that a dispossessory action is "fundamentally a matter of state law"); Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (holding that a dispossessory claim is "exclusively a matter of state law"). However, in her petition for removal, Defendant alleges violations of three federal provisions: 15 U.S.C. § 1692, Federal Rule of Civil Procedure 60, and the Due Process Clause of the Fourteenth Amendment. (Doc. no. 1.) Although federal in nature, these claims were not present on the face of Plaintiff's complaint and thus cannot be considered for purposes of federal question jurisdiction. Accordingly, this case presents no federal question.

### B. Diversity Jurisdiction

Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds

$75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). In the removal context, when diversity jurisdiction is invoked, two additional conditions must be met. 28 U.S.C. §§ 1441(b)(2), 1446(c)(1). First, no defendant can be a citizen of the state in which the case was brought. 28 U.S.C. § 1441(a)(2). Second, a case cannot be removed more than one year after it was filed in state court. 28 U.S.C. § 1446(c)(1).

To meet the diversity of citizenship requirement, a defendant's notice of removal "must distinctly and affirmatively allege each party's citizenship." Seven Oaks Constr., L.L.C. v. Talbot Constr., Inc., No. 2:11cv140, 2011 WL 1297971, at *1 (N.D. Ala. Apr. 5, 2011)(citing McGovern v. Am. Airlines, Inc., 511 F.2d 653, 654 (5th Cir. 1975)). If one of the parties is a limited liability company, the notice must allege "'the citizenships of all the [company's] members.'" Seven Oaks, 2011 WL 1297971, at *1 (quoting Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004)). Here, Defendant has not alleged either party's citizenship, much less the citizenships of all Plaintiff's members. Nevertheless, there seems to be no dispute that Defendant is a citizen of Georgia. The record contains no evidence that Defendant is a citizen of another state, and Defendant's address for service—a Georgia

address—is the same address for the premises at issue here. (Doc. nos. 1, 4.) Therefore, because 28 U.S.C. § 1441(a)(2) bars federal courts from exercising diversity jurisdiction in cases removed by an in-state defendant, diversity jurisdiction does not exist in this matter. See Federal Home Loan Mortg. Corp. v. Lipai, No. 1:11-CV-2386, 2011 WL 4436493 (N.D. Ga. Aug. 3, 2011) (holding that where the record is devoid of any information suggesting that the defendant is a citizen of another state and the defendant "has listed a Georgia address as her address for service, the same address as the premises that are the subject of the dispossessory action," removal on diversity jurisdiction grounds is improper).

Moreover, Defendant has not satisfied the amount-in-controversy requirement of 28 U.S.C. § 1332(a). A dispossessory claim seeking ejectment "cannot be reduced to a monetary sum for purposes of determining the amount in controversy." Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001), aff'd, 35 Fed. App'x 858 (11th Cir. 2001). Consequently, as the Court has no other state claims to consider for this purpose, the amount-in-controversy requirement cannot be met.

### C. Plaintiff's Removal Costs

Because no federal jurisdiction exists, it is proper to consider Plaintiff's request for costs and attorney's fees incurred pursuant to removal. 28 U.S.C. § 1447(c) provides

6

that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." Because Defendant did not act with a reasonable belief that removal was proper, the Court will require Defendant to pay Plaintiff's reasonable removal costs. However, the Court does not yet have a record of these costs. (Doc. no. 6.)

### III. CONCLUSION

For the reasons above, the Court finds that Defendant has not met her burden of establishing federal jurisdiction. Accordingly, the Court **GRANTS** Plaintiff's motion to remand. The Clerk is directed to **REMAND** this case to the Magistrate Court of Columbia County, Georgia, and the Clerk is further directed to **TERMINATE** all motions associated with this case. Plaintiff is directed to file a memorandum detailing its removal costs by September 8, 2015. If the memorandum is timely filed, the Clerk should wait for further instructions from the Court. If a memorandum is not timely filed, the Clerk is directed to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of August, 2015.

_____
Honorable J. Randal Hall
United States District Judge
Southern District of Georgia